OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Licurtis Whitney appeals his judgment of conviction following his conditional plea of guilty, pursuant to which he reserved the right to challenge on appeal the District Court’s denial of his motions to suppress physical evidence and statements. We will affirm.
I.
Because we write for the parties, we recount only the facts essential to our analysis.
Acting on a tip that a vehicle matching the description of Whitney’s was involved in a drug deal, Delaware police followed Whitney and pulled him over around 2:00 a.m. after he failed to use his turn signal. Upon approaching the vehicle, one of the police officers noticed white crumbs similar to cocaine residue on Whitney’s clothing. The officer asked Whitney what the crumbs were, to which Whitney replied, “I don’t know.” The officer then shined his flashlight inside the vehicle, and noticed a clear, knotted sandwich bag containing an off-white chalky substance (later determined to be cocaine) on the floor behind the driver’s seat. Another officer spotted a similar bag partially obscured in the lap of the front-seat passenger. The officers arrested Whitney and his passenger and transported them to the police station where they were advised of, and invoked, their Miranda rights.
*629 A month later, Whitney was questioned by federal agents from the Drug Enforcement Agency. The Government conceded that Whitney was not Mirandized before this meeting, so statements Whitney made could not be used at trial. Two months after that meeting, Whitney was arrested by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) at his Maryland home and charged under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. This time Whitney was advised of his Miranda rights, completed a written waiver, and made certain incriminating statements.
Before trial on the federal charges, Whitney filed a motion to suppress all of the evidence against him: the cocaine found in his vehicle, statements made during the traffic stop prior to his arrest, and subsequent statements made to the ATF after waiving his Miranda rights. The District Court denied the motion and, following a conditional guilty plea, sentenced Whitney to 75 months in prison.
Whitney appeals the District Court’s evidentiary rulings. We have jurisdiction under 28 U.S.C. § 1291.
II.
A.
Whitney first argues that the cocaine seized by the police following the traffic stop should have been suppressed. The District Court ruled that the cocaine found in Whitney’s vehicle was admissible under
the well-settled rule that ‘objects such as weapons or contraband found in a public place may be seized by the police without a warrant [because the] seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.’
Texas v. Brown, 460 U.S. 730, 738, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (quoting Payton v. New York, 445 U.S. 573, 586-587, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)).
Whitney argues that the cover of darkness rendered the cocaine out of plain view, and that by shining a light inside his vehicle police committed an illegal search. This argument flies in the face of the Supreme Court’s statement that “[i]t is ... beyond dispute that [the police officer’s] action in shining his flashlight to illuminate the interior of Brown’s car trenched upon no right secured to the latter by the Fourth Amendment.” Id. at 739-40, 103 S.Ct. 1535.
So long as the officers who arrested Whitney “did not violate the Fourth Amendment in arriving at the place from which the [cocaine] could be plainly viewed,” the evidence is admissible. Horton v. California, 496 U.S. 128, 136, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). See also United States v. Yamba, 506 F.3d 251, 257 (3d Cir.2007) (“The ‘plain view doctrine ... is best understood not as an independent exception to the warrant clause, but simply as an extension of whatever the prior justification for an officer’s access to an object may be.”). Whitney concedes that “an ordinary traffic stop is analogous to an investigative detention, [and] has been historically reviewed under the investigatory framework first articulated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).” Appellant’s Br. at 11 (quoting United States v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir.2006)). Under Terry, “the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant” the stop. 392 U.S. at 21, 88 S.Ct. 1868.
Here, it is undisputed that police observed Whitney violate state law by *630 making a turn without using his turn signal, so the traffic stop was proper. See Pennsylvania v. Mimms, 434 U.S. 106, 109, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (finding “no question about the propriety of’ pulling over respondent for violating Pennsylvania Motor Vehicle Code). Nor does Whitney dispute that the “incriminating character” of the contraband seen in his car was immediately apparent, or that discovery of the cocaine gave rise to probable cause justifying the warrantless seizure. Therefore, because the officers were lawfully in a position from which to observe the drugs on the floor of Whitney’s car using a flashlight, the District Court correctly found that the evidence was admissible under the plain view doctrine.
B.
Whitney next challenges the District Court’s denial of his motion to suppress incriminating statements he made during the traffic stop and after his arrest by the ATF. Whitney claims the statements he made during the traffic stop were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he was not warned of his right to remain silent. The Supreme Court long ago rejected this argument, holding in Berkemer v. McCarty that because of “the non-coercive aspect of ordinary traffic stops,” motorists are not “in custody” and therefore not entitled to Miranda warnings. 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Whitney proposes an exception to this well-established rule based on the time of day and location where a traffic stop takes place. Such a distinction is unsupported by the law or logic. Accordingly, we reject Whitney’s strained attempt to distinguish Berkemer and affirm the admissibility of Whitney’s statements during the traffic stop.
Whitney also argues that the statement he gave to the ATF — which followed Miranda warnings and the execution of a written waiver — should have been suppressed because of the un-Mirandized statement he gave previously to the DEA. This argument also has been squarely rejected by the Supreme Court. See Oregon v. Elstad, 470 U.S. 298, 318, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) (“[A] suspect who has once responded to unwarned yet uneoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings.”).
III.
In sum, because the District Court committed no legal error in denying Whitney’s motions to suppress physical evidence and statements, we will affirm the judgment.